IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
June 2, 2016 Session[1]


**REGINALD DION HUGHES v. TENNESSEE BOARD OF PROBATION
AND PAROLE**


**Appeal by Permission from the Court of Appeals
Chancery Court for Davidson County
No. 14884III     Ellen H. Lyle, Chancellor**

_____

**No. M2015-00722-SC-R11-CV
Filed March 23, 2017**

_____


CORNELIA A. CLARK, J., dissenting.

We granted permission to appeal believing this case presented us with an opportunity to address the constitutionality of Tennessee Code Annotated section 41-21-812 (2014)—an issue that merits our attention given a 2014 decision of the United States Court of Appeals for the Sixth Circuit holding the statute unconstitutional as applied in certain circumstances.  See Clifton v. Carpenter, 775 F.3d 760, 767-68 (6th Cir. 2014) (holding the statute unconstitutional when applied to bar a petitioner whose parole had been revoked from appealing the parole board's decision because he owed $1,449.15 in court costs from prior cases).  Having now reviewed the record on appeal and the relevant statutory provisions, I am convinced that the statute does not apply to authorize dismissal of Mr. Hughes's appeal.  As a result, I have concluded, like Justice Lee, that it is unnecessary to address the constitutionality of this statute in this appeal.  See West v. Schofield, 468 S.W.3d 482, 493–94 (Tenn. 2015)("[C]ourts decide constitutional issues only when necessary.").  Therefore, while I do not disagree with the majority's discussion of the relevant constitutional principles or take issue with the outcome the majority reaches on the constitutionality of the statute, I am unable to join the majority decision affirming the dismissal of the petitioner's appeal.  Rather, I would hold that dismissing an inmate's claim based on Tennessee Code Annotated section 41-21-812 is permissible

[1] Oral arguments were presented on June 2, 2016, at Lipscomb University in Nashville, Tennessee, as part of the S.C.A.L.E.S. (**S**upreme **C**ourt **A**dvancing **L**egal **E**ducation for **S**tudents) project.

only if the record establishes that the inmates' outstanding court costs were assessed against the inmate "under this part," meaning in a manner consistent with Tennessee Code Annotated section 41-21-808(b).[2]  Because the record on appeal fails to establish that costs of the divorce action were assessed against Mr. Hughes "under this part," consistently with section 41-21-808(b), I would reverse the dismissal and remand to the trial court for consideration of Mr. Hughes's petition for certiorari on the merits.[3]

**Analysis**

The statute dispositive of this appeal, Tennessee Code Annotated section 41-21-812(a), provides as follows:

> (a) Except as provided by subsection (b), on notice of assessment of any fees, taxes, costs and expenses *under this part*, a clerk of a court may not accept for filing another claim by the same inmate until prior fees, taxes, costs and other expenses are paid in full.

Tenn. Code Ann. § 41-21-812(a) (emphasis added).  By its terms, this statute applies only to situations where fees, taxes, costs, and expenses of earlier lawsuits filed by an inmate were assessed against the inmate "under this part." Id.  Although the phrase "under this part" is not defined in section 41-21-812(a), another statute prescribes how costs and expenses are to be assessed "under this part."   That statute, section 41-21-808, provides as follows:

> (a) Judgment may be rendered for costs at the conclusion of the suit, action, claim or appeal as in other proceedings.  If the judgment against the inmate includes the payment of costs, the inmate shall be required to pay the full amount of costs ordered.

> *(b) The clerk of the court shall mail a copy of the court's judgment taxing costs against the inmate to the department or county jail, as appropriate. On receipt of a copy of the judgment, the department or county jail shall withdraw funds from the inmate's trust account in the amounts provided by §41-21-807(b) for the collection of filing fees and shall forward the*

---

[2] For purposes of this opinion, it is assumed that courts may dismiss inmate claims based on Tennessee Code Annotated section 41-21-812, even though the statutory language does not expressly authorize court dismissal but provides only that "a clerk of a court may not accept for filing another claim by the same inmate until prior fees, taxes, costs and other expenses are paid in full."  Tenn. Code Ann. § 41-21-812 (2014).

[3] I agree with the majority that only Tennessee Code Annotated section 41-21-812 is at issue in this appeal and that Tennessee Code Annotated section 41-21-807 is not applicable.

*collected funds to the clerk of the court until the costs are paid in full or the inmate is released from confinement.*

(c) This section establishes an additional method for collecting costs separate from an execution or garnishment under title 26. The provisions of title 26, chapter 2 relative to exemptions and garnishments shall not apply to collections made pursuant to this section. In addition to collecting costs under this section, the clerk of the court may pursue any other means of collection provided for by law.

(d) An inmate may authorize payments to the clerk of the court in addition to those payments authorized by this section.

Tenn. Code Ann. § 41-21-808 (2014) (emphasis added). Reading the relevant statutory provisions, I conclude that, for costs to be considered assessed against an inmate "under this part," for purposes of section 41-21-812, the clerk must forward a copy of the order assessing costs to the Department of Correction, which must, on receiving the order, withdraw funds from the inmate's trust account to remit to the clerk of the court until the assessed costs are paid in full or the inmate is released. Additionally, section 41-21-808(c) makes clear that the method of collecting costs assessed "under this part" is separate from, and broader than, the method provided in other statutes. Finally, section 41-21-808(d) permits an inmate to authorize payments toward court costs in addition to payments collected pursuant to the method described in section 41-21-808(b). Thus, reading together sections 41-21-808(b) and 41-21-812, I conclude that the propriety of the dismissal of Mr. Hughes's petition for writ of certiorari depends on whether the outstanding court costs he owed were assessed "under this part," consistently with Tennessee Code Annotated section 41-21-808(b).

The record in this case simply fails to establish that the costs of Mr. Hughes's divorce action were assessed against him "under this part," in a manner consistent with Tennessee Code Annotated section 41-21-808(b). Although the record establishes that the trial court taxed costs against Mr. Hughes when it dismissed his divorce action in 1998, the record is devoid of any proof establishing that the Clerk of the Chancery Court for Lauderdale County mailed a copy of the dismissal order to the Department of Correction, as Tennessee Code Annotated section 41-21-808(b) requires. Indeed, all the proof in the record on this point actually establishes that the Department of Correction did not receive a copy of the 1998 dismissal order. This proof consists of an inquiry Mr. Hughes submitted to the Department of Correction three days after receiving the motion to dismiss his petition for writ of certiorari petition in which he asked: "Would you please review my previous court orders 20% garnishments and inform me of my expiration date of all fees. *I've never been notified of any fees related to my divorce over twenty years now.*" (Emphasis added.) The handwritten response Mr. Hughes received advised that he would "need to address these issues to the courts in Lauderdale Co. Chancery for any

amts. due & court where divorce took place. *Trust Fund has no record of such $ amts.*" (Emphasis added.) The inquiry and response thus indicate that the Clerk of the Chancery Court for Lauderdale County failed to provide the Department of Correction with the 1998 dismissal order in the manner required by section 41-21-808(b). There is also no indication in the record that Mr. Hughes received a bill of costs advising him of the amount of court costs he owed, although the record indicates that he received the 1998 dismissal order. Had the Clerk complied with section 41-21-808(b), the $49.50 in costs taxed to Mr. Hughes in the divorce action almost certainly would have been paid in full from Mr. Hughes's inmate trust account during the fourteen years between the 1998 dismissal of his divorce action and his 2012 timely filed petition for writ certiorari. See Tenn. Code Ann. § 41-21-808(b) (stating that, "[o]n receipt of a copy the judgment" the Department of Correction "shall withdraw funds from the inmate's trust account in the amounts provided by § 41-21-807(b) . . . and shall forward the collected funds to the clerk of the court until the costs are paid in full or the inmate is released from confinement"). And, even if the full amount had not been deducted from his trust account by 2012, Mr. Hughes could have paid additional amounts toward the outstanding balance had the costs been assessed "under this part" in the manner prescribed by section 41-21-808(b). Tenn. Code Ann. § 41-21-808(c).

In sum, I interpret Tennessee Code Annotated section 41-21-812 as applying only if the record establishes that the inmate has outstanding court costs that were assessed "under this part," in a manner consistent with Tennessee Code Annotated section 41-21-808(b). In the absence of such a requirement, the statute would permit dismissal of an inmate's claim whenever a clerk or the Department of Correction neglects to comply with the obligations of section 41-21-808(b), even if the inmate has no knowledge that court costs remain unpaid and the inmate makes no effort to avoid paying outstanding costs. Indeed, the record on appeal indicates that is precisely what occurred in this case. Nothing in the language of the statute or in the legislative history recited by the majority and Justice Lee suggests that the General Assembly intended to such a result when it enacted this statute. Accordingly, because the record fails to establish that the costs were assessed against Mr. Hughes "under this part," in a manner consistent with Tennessee Code Annotated section 41-21-808(b), I would reverse the dismissal of Mr. Hughes's petition for writ of certiorari and remand this matter to the trial court for consideration of Mr. Hughes's petition on the merits.

_____
CORNELIA A. CLARK, JUSTICE